**E-FILED**
Thursday, 17 February, 2011  02:30:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **BRYCE R. SCOTT,** ) <br> ) <br> **Plaintiff,** ) <br> v. ) <br> ) <br> **THE CITY OF PEORIA, OFFICER GERALD** ) <br> **W. SUELTER, OFFICER TIMOTHY L.** ) <br> **WIGHT, OFFICER JEREMY J. LAYMAN,** ) <br> **OFFICER JAMES A. KRIDER, OFFICER** ) <br> **ANDREW SMITH, OFFICER CONOR** ) <br> **WOWRA, as well as OTHER UNKNOWN** ) <br> **CITY OF PEORIA EMPLOYEES,** ) <br> ) <br> **Defendants.** ) | **Case No. 09-CV-1189** |

## OPINION

This case is before the court for ruling on the Motion to Dismiss Fourth Amended Complaint (#42) filed by Defendants, Gerald W. Suelter, Timothy L. Wight, Jeremy J. Layman, James A. Krider, Andrew Smith, and Conor Wowra (individual defendants), and the Motion to Dismiss Fourth Amended Complaint (#44) filed by Defendant City of Peoria (City). Following this court's careful and thorough consideration of the arguments of the parties, Defendants' Motions to Dismiss (#42, #44) are GRANTED in part and DENIED in part.

## BACKGROUND

On May 27, 2009, Defendants filed a Notice of Removal (#1) and removed this case which had been filed by Plaintiff, Bryce R. Scott, in the circuit court of Peoria County. Plaintiff had alleged only state law causes of action in his initial complaint and first and second amended complaints. In his Third Amended Complaint, Plaintiff also alleged federal claims, leading to the removal of the case to federal court. Plaintiff's Third Amended Complaint was 48 pages long and included 14 separate counts. The case was originally assigned to United States District Judge

Michael M. Mihm.

On May 28, 2009, the City filed a Motion to Dismiss Counts I and VIII of the Third Amended Complaint (#3). On June 18, 2009, the individual defendants also filed a Motion to Dismiss Counts I and VIII of the Third Amended Complaint (#6). On July 30, 2009, the individual defendants filed a Motion to Dismiss (#16) seeking dismissal of the entire Third Amended Complaint.

On July 23, 2009, Judge Mihm recused himself from the case and it was assigned to United States District Judge Joe Billy McDade. On August 25, 2009, the individual defendants filed a Motion to Stay Civil Proceedings (#22). The individual defendants stated that Plaintiff's complaint alleged that the defendants used excessive force during a May 3, 2008, traffic stop. They further stated that Defendants Suelter, Smith and Layman were indicted on criminal charges arising out of the May 3, 2008 incident complained of by Plaintiff. The individual defendants asked that the civil case be stayed pending the resolution of the criminal matter. On September 22, 2009, Magistrate Judge John A. Gorman granted the Motion to Stay.

On November 2, 2009, Plaintiff's counsel filed a Motion to Withdraw as Attorney (#23). On November 19, 2009, Attorneys Aaron S. Mandel, Arthur Loevy, Jonathan I. Loevy and Russell R. Ainsworth, all of the law firm of Loevy and Loevy, entered their appearances (#25, #26, #27, #29) on behalf of Plaintiff. On November 24, 2009, Judge Gorman granted Plaintiff's original counsel's Motion to Withdraw. On December 15, 2009, Attorney Michael Kanovitz of the law firm of Loevy and Loevy entered his appearance (#31) on behalf of Plaintiff.

On May 27, 2010, Judge McDade recused himself from this case and the case was assigned to this court. On October 15, 2010, Judge Gorman held a status conference. At the status conference, Judge Gorman was informed that the criminal trial would be held in November. Judge

Gorman ordered the case to remain stayed. On December 13, 2010, Judge Gorman held a status conference and ordered the stay lifted.

On December 15, 2010, Plaintiff filed a Renewed Motion for Leave to File Fourth Amended Complaint (#38).[1] Plaintiff stated that the proposed Fourth Amended Complaint added no new parties, but did add a claim under the Equal Protection Clause of the United States Constitution, as well as setting forth in greater detail the basis for Plaintiff's Monell claim and state-law claims. Plaintiff also stated that the amendment clarified Plaintiff's claims, which would lead to more efficient briefing and discovery by the parties and resolution by the court. On January 4, 2011, this court entered an Order (#39) and granted Plaintiff's Motion for Leave to File Fourth Amended Complaint. This court therefore found that Defendants' Motions to Dismiss (#3, #6, #16) were MOOT. This court allowed Defendants 14 days to refile the motions or file new motions to dismiss directly attacking the Fourth Amended Complaint.

Plaintiff's Fourth Amended Complaint (#40) was filed on January 4, 2011. The Fourth Amended Complaint is six pages long and does not include separate counts. In the Complaint, Plaintiff stated that the action was brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and under Illinois state law. Plaintiff alleged that, "[s]pecifically, Defendant Officers viciously beat Plaintiff, without justification, and while using racial epithets, all of which was caught on videotape." Plaintiff alleged that, on May 3, 2008, the Defendant Officers initiated a traffic stop of his automobile in Peoria, Illinois. Plaintiff alleged that, although he complied with the Officers' commands, Wight sprayed his face with pepper spray, Wight and Suelter applied three taser shocks to his back and legs, Wight

---

[1] Plaintiff had previously filed a Motion for Leave to File Fourth Amended Complaint (#32) on December 23, 2009, while the case was stayed. Judge Gorman denied the motion as prematurely filed.

struck him in the face with a fist, and Smith repeatedly stomped and kicked Plaintiff. Plaintiff further alleged that Layman, Krider and Wowra watched Suelter, Wight and Smith pepper spray, punch, stomp, kick and taser Plaintiff and did nothing to intervene or stop the conduct, despite having an opportunity to do so.

Plaintiff alleged that Defendants violated Plaintiff's constitutional rights, causing him damage, and violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. Plaintiff alleged that the misconduct was "objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others." Plaintiff further alleged that the misconduct "was motivated by racial animus and constituted purposeful discrimination." Plaintiff then provided allegations against the City. Plaintiff alleged, among other things, that the City proximately caused the violation of his rights "by maintaining policies and practices which were the moving force driving the foregoing constitutional violations." Plaintiff further alleged as follows:

> 22. The Defendant[] Officers' conduct was motivated by racial animus and constitutes purposeful discrimination in violation of the Illinois Civil Rights Act of 2003, 740 ILCS § 23.
>
> 23. The Defendant Officers' conduct constitutes Illinois common-law tort of conspiracy in that they intentionally entered an agreement to violate Plaintiff's rights and took unlawful steps in furtherance of that agreement in the manner set forth above.
>
> 24. The Defendant Officers' conduct constitutes the Illinois common-law torts of assault and battery in that they intentionally and unlawfully threatened and committed violence upon Plaintiff in the

4

manner set forth above.

Plaintiff sought judgment against Defendants awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities.

On January 18, 2011, the individual defendants filed a Motion to Dismiss Fourth Amended Complaint (#42) and a Memorandum of Law in Support (#43). On January 19, 2011, the City filed a Motion to Dismiss Fourth Amended Complaint (#44) and a Memorandum of Law in Support (#45). On February 4, 2011, Plaintiff filed a Combined Response in Opposition to All Defendants' Motions to Dismiss Fourth Amended Complaint (#49).

ANALYSIS

STANDARD

The individual defendants have argued that Plaintiff's Complaint "states a claim only if he alleges enough facts to render the claim not just conceivable, but facially plausible." Tully v. Barada, 599 F.3d 591, 593 (7th Cir. 2010), citing Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This court agrees.

This court notes that the standard that applies to dismissals for failure to state a claim is somewhat unclear following the Supreme Court's decisions in Twombly, Erickson v. Pardus, 551 U.S. 89 (2007) and Iqbal. See Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010). In Swanson, the Seventh Circuit explained, "[o]n the one hand, the Supreme Court has adopted a 'plausibility' standard, but on the other hand, it has insisted that it is not requiring fact pleading, nor is it adopting a single pleading standard to replace Rule 8, Rule 9, and specialized regimes like the one in the Private Securities Litigation Reform Act." Swanson, 614 F.3d at 403. The Seventh Circuit noted that the Supreme Court's decisions have interpreted Rule 8, not tossed it out the window. Swanson, 614 F.3d at 403. Rule 8 requires "a short and plain statement of the claim

5

showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Accordingly, "[s]pecific facts are not necessary" and "the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Swanson, 614 F.3d at 404, quoting Erickson, 551 U.S. at 93. Therefore, a plaintiff must allege enough facts to give the defendant fair notice of his complaints and to show that his claim for relief is "plausible." See Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008).

## PLAINTIFF'S CLAIMS

This court first notes that it agrees with Plaintiff that none of the Defendants have even tried to dispute that the Complaint states a valid claim under the Fourth Amendment for use of excessive force. Plaintiff's allegations that the individual defendants sprayed him in the face with pepper spray, beat and tased him in the course of arresting him, even though he complied with their commands, are clearly sufficient to state an excessive force claim.

In their Motions to Dismiss, both the City and the individual defendants argued that Plaintiff has not shown that he has a Fifth Amendment, Sixth Amendment, Eighth Amendment or Fourteenth Amendment claim. In his Combined Response, Plaintiff concedes that the references to the Fifth, Sixth and Eighth Amendments should be stricken. Plaintiff stated that the references to these constitutional amendments was inadvertent. Therefore, the City's and the individual defendants' Motions to Dismiss are GRANTED as to Plaintiff's claims under the Fifth Amendment, Sixth Amendment and Eighth Amendment.

As far as the Fourteenth Amendment, Plaintiff argued that his allegation that the individual defendants "viciously beat plaintiff, without justification, and while using racial epithets, all of which was caught on videotape" was sufficient to state an equal protection claim. Defendants are correct that, standing alone, allegations of the use of racial slurs are not sufficient to state a claim.

6

See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987). However, the Seventh Circuit in DeWalt noted:

> This does not mean, however, that the use of racially derogatory language is without legal significance. Such language is strong evidence of racial animus, an essential element of any equal protection claim. [Citation omitted.] Thus, although the use of racially derogatory language, by itself, does not violate the Constitution, it can be quite important evidence of a constitutional violation.

DeWalt, 224 F.3d at 612 n.3. Plaintiff therefore argues that the alleged racial slurs are "strong evidence" that racial animus was the motivating force for the excessive force.

This court concludes that Plaintiff has alleged that the use of racial slurs accompanied other unconstitutional conduct, the excessive use of force and failure to intervene. Plaintiff also alleged that this misconduct was motivated by racial animus and constituted purposeful discrimination. This court concludes that Plaintiff has adequately stated a claim of a violation of his right to equal protection under the Fourteenth Amendment. Accordingly, Defendants' request that Plaintiff's Fourteenth Amendment claim be dismissed must be DENIED.

The individual defendants have also challenged two of Plaintiff's state law claims. They first argue that Plaintiff's claim for "violation of the Illinois Civil Rights Act of 2003" must be dismissed, with prejudice, as to the individual defendants. They are correct that the statute specifically applies only to local governments and authorizes civil claims only against the governmental entity. See 740 Ill. Comp. Stat. 23/5 (West 2008). Plaintiff did not respond to this argument, so this court concludes that this claim must be dismissed as to the individual defendants. The City did not move

to dismiss this claim, so it will remain as a claim against the City.

The individual defendants next challenged Plaintiff's conspiracy claim. They argued that "[i]n order to state a claim for civil conspiracy, a plaintiff must allege an agreement and a tortious act committed in furtherance of that agreement." See McClure v. Owens Corning Fiberglas Corp., 720 N.E.2d 242, 258 (Ill. 1999). The individual defendants argued that Plaintiff's claim "gives no indication of what that underlying tort might be."

This court agrees with Plaintiff that this argument is "puzzling[]" based upon the factual allegations of the Fourth Amendment Complaint. Plaintiff pointed out that he alleged in his Complaint that the individual defendants engaged in several overt tortious acts, including the excessive use of force, failure to intervene and the violation of Plaintiff's right to equal protection. Plaintiff also specifically alleged that the conduct of the individual defendants constitutes the common-law torts of assault and battery.

The individual defendants also argued that Plaintiff's Complaint does not adequately allege an agreement to commit a tort. The Fourth Amended Complaint, however, contains factual allegations that the individual defendants acted in concert in using excessive force against him and specifically alleges that the individual defendants "intentionally entered an agreement to violate Plaintiff's rights and took unlawful steps in furtherance of that agreement." After careful consideration, this court concludes that Plaintiff's Complaint alleges enough facts to give Defendants fair notice of his conspiracy claim and to show that his claim for relief is "plausible." See Tamayo, 526 F.3d at 1083. Therefore, the individual defendants' request that Plaintiff's conspiracy claim be dismissed is DENIED.

This court does note that the sole reference to a conspiracy claim is contained in paragraph 23 of Plaintiff's Fourth Amended Complaint. This paragraph refers only to the "Illinois common-

law tort of conspiracy." Therefore, while Plaintiff has argued that his Complaint states a claim for conspiracy under 42 U.S.C. § 1983, no such claim is included in the Fourth Amended Complaint.

IT IS THEREFORE ORDERED THAT:

(1) The City's Motion to Dismiss Fourth Amended Complaint (#44) is GRANTED in part and DENIED in part. The Motion is granted as to Plaintiff's claims under the Fifth, Sixth and Eighth Amendments to the United States Constitution. The Motion is denied as to Plaintiff's claim under the Fourteenth Amendment to the Constitution.

(2) The individual defendants' Motion to Dismiss Fourth Amended Complaint (#42) is GRANTED in part and DENIED in part. The Motion is granted as to Plaintiff's claims under the Fifth, Sixth and Eighth Amendments to the Constitution and as to Plaintiff's claim against the individual defendants under the Illinois Civil Rights Act of 2003. These claims are dismissed with prejudice. However, Plaintiff's claim under the Illinois Civil Rights Act of 2003 remains as to the City. The individual defendants' Motion (#42) is denied as to Plaintiff's Fourteenth Amendment equal protection claim and as to Plaintiff's state law conspiracy claim.

(3) This case remains scheduled for a final pretrial conference on June 6, 2012 at 1:30 p.m. and a jury trial on June 25, 2012, at 9:00 a.m.

(4) This case is referred to Judge Gorman for further proceedings.

ENTERED this _17th day of February, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE